**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division**



**WAINSWORTH MARCELLUS HALL,**
    **Petitioner,**

v.                                                    **CRIMINAL ACTION NO. 2:93-cr-162**

**UNITED STATES OF AMERICA,**

        **Respondent.**

### *ORDER*

Upon motion of the Petitioner under 18 U.S.C. § 3582(c)(2) for a reduction in the term of imprisonment imposed based on a guideline sentencing range that has subsequently been lowered and made retroactive by the United States Sentencing Commission pursuant to 28 U.S.C. § 994(u), and having considered such motion, and taking into account the policy statement set forth at U.S.S.G. §1B1.10 and the sentencing factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, it is hereby **ORDERED** that Petitioner's motion is **DENIED**.

On June 27, 1994, after a jury trial, Petitioner was found guilty of Conspiracy to Distribute and Possess with Intent to Distribute a Mixture and Substance Containing Cocaine and Cocaine Base (Count One), Laundering of Monetary Instruments (Count Two), and Engaging in a Continuous Criminal Enterprise (Count Three). ECF No. 281. On September 15, 1994, this Court vacated Petitioner's conviction on Count One. ECF No. 378.

At sentencing, Petitioner had a combined adjusted offense level of 48, and a criminal history category of VI. ECF No. 813 at 37, 43. Petitioner did not receive any points for acceptance of responsibility. *Id.* As such, Petitioner's guideline range was life imprisonment. *Id.* The Court sentenced Petitioner to a term of imprisonment of two hundred forty (240) months for

Count Two and life imprisonment for Count Three to run concurrently. ECF No. 378.

Under Amendment 782, Petitioner's base offense level is lowered to 38. With a 4-point increase for engaging in a continuing criminal enterprise pursuant to § 2D1.5(a)(1) and a 2-point increase for possession of a dangerous weapon pursuant to § 2D1.1 (b)(1), Petitioner's adjusted offense level is 44. Petitioner's criminal history category of VI remains the same. With a total offense level of 44 and a criminal history category of VI, Petitioner's guideline range remains life imprisonment. *See* ECF No. 814.

Section 1B1.10 of the Sentencing Guidelines states that "[a] reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. §1B1.10(a)(2)(B). *See also United States v. Lindsey*, 556 F.3d 238, 244 (4th Cir. 2009) ("A modification is authorized only if[] . . . [the defendant's] applicable guideline range is lowered."). Because Amendment 782 does not lower Petitioner's guideline range, Petitioner is ineligible for relief and a reduction is not authorized.

Except as otherwise provided, all provisions of Petitioner's sentence shall remain the same.

The Clerk is **DIRECTED** to send a copy of this Order to Petitioner, counsel for Petitioner, the United States Attorney, and United States Probation Office for the Eastern District of Virginia.

**IT IS SO ORDERED**.

Norfolk, Virginia
February 2⁸, 2018

Raymond A. Jackson
**United States District Judge**

2