Exhibit 1: Indictment

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Norfolk Division

FILED
IN OPEN COURT

DEC - 8 1998

CLERK, U.S. DISTRICT COURT
NORFOLK, VA.

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **UNDER SEAL** |
| | ) | |
| v. | ) | CRIMINAL NO. 2:93cr *162* |
| | ) | |
| WAINSWORTH MARCELLUS HALL, | ) | 21 U.S.C § 846 |
|    a/k/a "Unique" | ) | Conspiracy |
| (Counts 1-3, 9, 21, 23) | ) | (Count 1) |
| | ) | |
| PETER MICHAEL HALL, | ) | 18 U.S.C. §§ 371, 1956(a)(1)(B) |
|    a/k/a "Michael Hart", | ) |   (i) and 2 |
|    a/k/a "Khalif", | ) | Money Laundering and Conspiracy |
|    a/k/a "Maynard Jenkins", | ) | (Counts 2, 16-22) |
|    a/k/a "William Waters", | ) | |
|    a/k/a "Steven Carter", | ) | 21 U.S.C. § 848 |
|    a/k/a "Kenneth Smith" | ) | Continuing Criminal Enterprise |
| (Counts 1-3, 6-9, 11, 16-18 | ) | (Count 3) |
|    20, 22-23) | ) | |
| | ) | 21 U.S.C. § 848(e)(1)(A) and |
| TODD MOORE | ) | 18 U.S.C. § 2 |
| (Counts 1, 3-5, 11-13, 23) | ) | Murder in Furtherance of |
| | ) | Continuing Criminal Enterprise |
| FRANKIE D. THOMAS | ) | (Counts 4, 6) |
| (Counts 1, 3, 12, 14-15, | ) | |
|    19, 23) | ) | 18 U.S.C. § 924(c)(1) |
| | ) | Use of a Firearm in Relation |
| DERRICK KELLEY | ) | to a Crime of Violence and |
| (Counts 1, 4-5, 23) | ) | Drug Trafficking |
| | ) | (Counts 5, 7) |
| RODNEY GAINEY, | ) | |
|    a/k/a "Spanky" | ) | 21 U.S.C. § 841(a)(1) |
| (Counts 1, 13, 23) | ) | Distribution of "Crack" |
| | ) | Cocaine |
| ERIC MARSHALL, | ) | (Count 8) |
|    a/k/a "Red" | ) | |
| (Counts 1, 10, 23) | ) | 21 U.S.C. § 841(a)(1) |
| | ) | Possession With Intent to |
| PATRICK AVENT, | ) | Distribute Cocaine |
|    a/k/a "Spit" | ) | (Counts 9, 14-15) |
| (Count 1, 23) | ) | |
| | ) | 21 U.S.C. § 841(a)(1) |
| JOHN STOKES, | ) | Possession With Intent to |
|    a/k/a "Bear" | ) | Distribute "Crack" Cocaine |
| (Count 1, 23) | ) | (Counts 10-11) |

| | |
|---|---|
| FNU LNU,<br>   a/k/a "Dezo"<br>(Count 1, 23) | 21 U.S.C. § 841(a)(1)<br>Possession of "Crack" Cocaine<br>(Counts 12-13) |
| KEMBA NIAMBI SMITH<br>(Counts 1, 2, 22-23) | 21 U.S.C. § 853<br>Forfeiture<br>(Count 23) |
| NORMAN McALLISTER<br>(Count 1, 23) | |

DECEMBER 1993 <u>TERM</u> - at Norfolk, Virginia

<u>COUNT ONE</u>

THE GRAND JURY CHARGES THAT:

From on or about January, 1989, the exact date being unknown to the Grand Jury, and continuously thereafter up to and including the filing of this indictment, in the Eastern District of Virginia, and elsewhere, the defendants, WAINSWORTH MARCELLUS HALL, a/k/a "Unique"; PETER MICHAEL HALL, a/k/a "Michael Hart", a/k/a "Khalif", a/k/a "Maynard Jenkins", a/k/a "William Waters", a/k/a "Steven Carter", a/k/a "Kenneth Smith"; TODD MOORE; FRANKIE D. THOMAS; DERRICK KELLEY; RODNEY GAINEY a/k/a "Spanky"; ERIC MARSHALL, a/k/a "Red"; PATRICK AVENT, a/k/a "Spit"; JOHN STOKES, a/k/a "Bear"; FNU LNU, a/k/a "Dezo"; KEMBA NIAMBI SMITH; and NORMAN McALLISTER, did unlawfully, knowingly and intentionally combine, conspire, confederate, and agree with each other and with other persons, both known and unknown to the Grand Jury, to commit the following offenses against the United States of America:

1.    To knowingly, intentionally, and unlawfully possess with the intent to distribute and to distribute, a Schedule II narcotic controlled substance, that is, at least five (5) kilograms or more

2

of a mixture and substance containing cocaine, in violation of Title 21, United States Code, Section 841(a)(1).

2.   To knowingly, intentionally, and unlawfully possess with the intent to distribute and to distribute, a Schedule II narcotic controlled substance, that is, at least fifty (50) grams or more of a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(ii), which contains cocaine base, commonly known as "crack", in violation of Title 21, United States Code, Section 841(a)(1).

3.   To knowingly, intentionally, and unlawfully possess with the intent to distribute and to distribute, a Schedule I controlled substance, that is, marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

<u>WAYS, MANNERS AND MEANS OF THE CONSPIRACY</u>

The primary purpose of the conspiracy was to make money through the distribution of cocaine, cocaine base, and marijuana in the Tidewater Region of Virginia, in the Eastern District of Virginia and elsewhere.   The ways, manners and means by which the co-conspirators carried out the purpose of the conspiracy include, but are not limited to the following:

1.   It was part of the conspiracy that defendants and unindicted co-conspirators would and did play different roles in the conspiracy, taking upon themselves different tasks and participating in the affairs of the conspiracy through various criminal acts.   Some of the roles which the defendants and co-conspirators assumed and carried out included, among others:

3

financier, organizer, manager, distributor, packager, currency courier, lookout, armed security, supplier, and facilitator.

2.    It was further part of the conspiracy that the defendants and unindicted co-conspirators would procure cocaine, cocaine base, and marijuana, and would and did travel, and cause others to travel, in interstate commerce to facilitate the distribution of drugs and the payment and collection of monies related to drug transactions.

3.    It was further part of the conspiracy that the defendants and unindicted co-conspirators would and did derive substantial gross receipts from their unlawful activities.

4.    It was further part of the conspiracy that the defendants and unindicted co-conspirators would and did recruit others to work with them in the distribution of narcotics in the Eastern District of Virginia and elsewhere, and to travel from the Eastern District of Virginia and elsewhere to New York City to obtain large quantities of cocaine and cocaine base which would then be transported to the Eastern District of Virginia for further distribution therein to others by members of the organization.

5.    It was further part of the conspiracy that the defendants and unindicted co-conspirators would and did distribute cocaine, cocaine base, and marijuana in the Eastern District of Virginia and elsewhere.

6.    It was further a part of the said conspiracy that the defendants and co-conspirators would and did use various methods to further the goals of the conspiracy, to insure the conspiracy's

continuing success and to conceal the conspiracy and avoid detection by law enforcement agents. Some of the methods utilized by the co-conspirators included, at various times, providing firearms, using large amounts of currency to finance their unlawful drug activities, using telephones, cellular telephones, pagers, using false names and identities to rent apartments which were utilized to package and store drugs and proceeds from the illegal sales of those drugs, to purchase automobiles which were utilized to transport drugs within the Eastern District of Virginia and elsewhere.

7.   It was further part of the conspiracy that the defendants and unindicted co-conspirators would and did use firearms and engaged in a pattern of violent activity, including murder, assaults, and threats of violence to further the goals of the conspiracy.

<u>OVERT ACTS</u>

In furtherance of the conspiracy, and to bring about the objects and goals of the conspiracy, the defendants, co-conspirators, and unindicted co-conspirators, committed overt acts in the Eastern District of Virginia, and elsewhere, including, but not limited to, the following.

1.   On or about February 24, 1989, JOHN STOKES distributed cocaine.

2.   On or about July 1, 1989, PETER MICHAEL HALL purchased a 1989 Jeep Wrangler Sahara using the fictitious name of Steven Carter.

3.   On or about July 6, 1989, FRANKIE D. THOMAS travelled from New York City to the Norfolk International Airport, in Norfolk, in possession of approximately seven and one half (7 1/2) ounces of cocaine which he intended to distribute in the Eastern District of Virginia.

4.   On or about July 28, 1989, PETER MICHAEL HALL distributed cocaine in Virginia Beach, Virginia.

5.   On or about August 16, 1989, at the Pennsylvania Station, in New York City, FRANKIE D. THOMAS, possessed a loaded firearm, $ 4,572 in cash concealed inside a pair of Addidas sneakers, and jewelry valued at approximately $ 6,500 in United States Currency.

6.   On or about December 19, 1989, PETER MICHAEL HALL purchased a 1990 Mazda MPV Van using the fictitious name of Kenneth P. Smith.

7.   On or about August 5, 1990, PETER MICHAEL HALL possessed marijuana.

8.   On or about September 28, 1990, PETER MICHAEL HALL registered a 1988 Sterling automobile using the fictitious name of Michael Peter Hart.

9.   In or about January 1991, in New York City, ERIC MARSHALL distributed a quantity of cocaine to an unindicted co-conspirator for further transportation by the co-conspirator to the Eastern District of Virginia and distribution to PETER MICHAEL HALL and Derrick Taylor.

10.  In or about March 1991, WAINSWORTH MARCELLUS HALL distributed a kilogram of cocaine in return for an automobile.

6

11.  On or about March 4, 1991, PETER MICHAEL HALL purchased a 1989 Saab automobile using the fictitious name of Michael Hart.

12.  In or about September 1991, ERIC MARSHALL travelled from New York City to the Tidewater Region, within the Eastern District of Virginia, by automobile, transporting approximately one-half (1/2) kilogram of cocaine concealed inside a secret compartment in the automobile.

13.  In or about September 1991, ERIC MARSHALL and an unindicted co-conspirator cooked approximately one-half (1/2) kilogram of cocaine into cocaine base, for further distribution by MARSHALL and others in the Eastern District of Virginia.

14.  In or about January 1992, in Norfolk, within the Eastern District of Virginia, PETER MICHAEL HALL purchased a 1987 Nissan Pathfinder using an unindicted co-conspirator as a nominee.

15.  In or about early 1992, in Newport News, within the Eastern District of Virginia, NORMAN McALLISTER introduced PETER MICHAEL HALL to TODD MOORE for the purpose of HALL supplying one kilogram of cocaine base to MOORE for further distribution by MOORE to others in the Eastern District of Virginia.

16.  In or about April 1992, PETER MICHAEL HALL caused an unindicted co-conspirator to purchase a 1990 Nissan 300 ZX, using the unindicted co-conspirator as a nominee.

17.  On or about April 9, 1992, TODD MOORE and RODNEY GAINEY possessed approximately 64 grams of cocaine base with the intent to distribute it.

7

18. On or about April 9, 1992, in New York, WAINSWORTH MARCELLUS HALL, using the name of Kenny Jones, wired or caused to be wired $1200.00 to Margaret Jones in Newport News, within the Eastern District of Virginia, to register and purchase insurance for a 1992 Mazda MPV.

19. On or about April 9, 1992, in Newport News, within the Eastern District of Virginia, TODD MOORE and RODNEY GAINEY, while engaged in a shootout with a rival drug dealer over a "turf" dispute, shot and wounded a 13 year old innocent bystander.

20. On or about April 13, 1992, in New York, WAINSWORTH MARCELLUS HALL, using the name of Kenny Jones, wired or caused to be wired $600.00 to Margaret Jones in Newport News, within the Eastern District of Virginia, to register and purchase insurance for a 1992 Mazda MPV.

21. On or about April 29, 1992, PETER MICHAEL HALL registered a 1989 Saab 900 Turbo automobile with the Virginia Department of Motor Vehicles using the fictitious name of Michael Hart.

22. On or about May 4, 1992, in Chesapeake, within the Eastern District of Virginia, PETER MICHAEL HALL and KEMBA NIAMBI SMITH traded in a 1989 Saab 900 Turbo owned by HALL and registered in the name of Michael Hart, to purchase a 1992 Jeep Wrangler in the nominee name of KEMBA NIAMBI SMITH.

23.  On or about June 2, 1992, in Newport News, within the Eastern District of Virginia, FRANKIE D. THOMAS possessed with intent to distribute cocaine base, commonly known as "crack".

24.  On or about June 19, 1992, WAINSWORTH MARCELLUS HALL possessed marijuana.

25.  In or about July 1992, WAINSWORTH MARCELLUS HALL and PETER MICHAEL HALL possessed approximately three (3) kilograms of cocaine base with intent to distribute it in the Eastern District of Virginia.

26.  In or about July 1992, PETER MICHAEL HALL caused an unindicted co-conspirator to distribute nine and one half (9 1/2) ounces of cocaine base to TODD MOORE.

27.  On or about July 14, 1992, in Hampton, within the Eastern District of Virginia, TODD MOORE and DERRICK KELLEY murdered Antwan Mathis, one of their cocaine redistributors, by shooting him six times; once to the head and five times to the torso of the body.

28.  On or about July 14, 1992, TODD MOORE transported the firearm that he and DERRICK KELLEY utilized to shoot and kill Antwan Mathis to an apartment in Norfolk, Virginia, and concealed it therein.

29.  On or about July 22, 1992, TODD MOORE and FRANKIE D. THOMAS possessed in excess of 106 grams of cocaine base with intent to distribute it within the Eastern District of Virginia.

30.  On or about July 22, 1992, FRANKIE D. THOMAS attempted to run over a vice detective from the Hampton Police Department using an automobile.

31. In or about September 1992, in Virginia Beach, PETER MICHAEL HALL attempted to register a 1987 BMW, which he had previously purchased in Norfolk, Virginia, using an unindicted co-conspirator as a nominee.

32. On or about February 17, 1993, in New York City, New York, PETER MICHAEL HALL possessed ten (10) ounces of cocaine base with the intent to distribute it.

33. In or about April 1993, PETER MICHAEL HALL distributed nine (9) ounces of cocaine base.

34. On or about May 26, 1993, in Dinwiddie County, within the Eastern District of Virginia, PETER MICHAEL HALL murdered Derrick Taylor by shooting him in the head and the chest.

35. On or about September 2, 1993, in Charlotte, North Carolina, PETER MICHAEL HALL distributed cocaine base to an unindicted co-conspirator.

36. On or about November 10, 1993, in Atlanta, Georgia, PETER MICHAEL HALL attempted to run over a vice detective from the Hampton Police Department and a Special Agent from the Drug Enforcement Administration using an automobile.

(All in violation of Title 21, United States Code, Section 846.)

## COUNT TWO

THE GRAND JURY FURTHER CHARGES THAT:

From in or about January, 1989, the exact date being unknown to the Grand Jury, and continuously thereafter up to and including the date of this indictment, in the Eastern District of Virginia, and elsewhere, the defendants WAINSWORTH MARCELLUS HALL, PETER MICHAEL HALL, and KEMBA NIAMBI SMITH did knowingly, willfully, and unlawfully combine, conspire, confederate and agree with each other and with others known and unknown to the Grand Jury, to knowingly, willfully, and unlawfully conduct, attempt to conduct, and caused to be conducted financial transactions affecting interstate commerce, to wit, the purchase, financing, transfer, and sale of the personal property in the investment and businesses which involved the proceeds of a specified unlawful activity, that is, drug trafficking by the defendants named in this indictment, knowing that the financial transactions were designed in whole and in part to conceal and disguise the true nature, location, source, ownership, and control of the proceeds of said specified unlawful activity and that, while conducting and attempting to conduct such financial transactions, the defendants knew that the property involved in the financial transactions represented the proceeds of some form of unlawful activity.

### OVERT ACTS

1.  On or about July 1, 1989, in Newport News, Virginia, PETER MICHAEL HALL purchased a 1989 Jeep Wrangler Sahara using the fictitious name of Steven Carter.

2.    On or about December 19, 1989, in Newport News, Virginia, PETER MICHAEL HALL purchased a 1990 Mazda MPV Van using the fictitious name of Kenneth P. Smith.

3.    On or about September 28, 1990, PETER MICHAEL HALL registered a 1988 Sterling automobile with the Virginia Department of Motor Vehicles using the fictitious name of Michael Peter Hart.

4.    On or about March 4, 1991, in Hampton, Virginia, PETER MICHAEL HALL purchased a 1989 Saab 900 Turbo automobile using the fictitious name of Michael Hart.

5.    In or about January 1992, in Norfolk, Virginia, PETER MICHAEL HALL purchased a 1987 Nissan Pathfinder using an unindicted co-conspirator as a nominee.

6.    In or about April 1992, in Hampton, Virginia, PETER MICHAEL HALL caused an unindicted co-conspirator to purchase a 1990 Nissan 300 ZX, using the unindicted co-conspirator as a nominee and his 1987 Nissan Pathfinder as a trade-in vehicle.

7.    On or about April 9, 1992, in New York, WAINSWORTH MARCELLUS HALL, using the name of Kenny Jones, wired or caused to be wired $1200.00 to Margaret Jones in Newport News, within the Eastern District of Virginia, to register and purchase insurance for a 1992 Mazda MPV.

8.    On or about April 13, 1992, in New York, WAINSWORTH MARCELLUS HALL, using the name of Kenny Jones, wired or caused to be wired $600.00 to Margaret Jones in Newport News, within the Eastern District of Virginia, to register and purchase insurance for a 1992 Mazda MPV.

12

9.    On or about May 4, 1992, in Chesapeake, Virginia, PETER MICHAEL HALL and KEMBA NIAMBI SMITH purchased a 1992 Jeep Wrangler, using KEMBA NIAMBI SMITH as a nominee for PETER MICHAEL HALL, by trading in a 1990 Saab 900 Turbo owned by HALL and registered in the name of Michael Hart and paying $3,000.00 in cash.

(All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i), 371 and 2.)

13

## COUNT THREE

THE GRAND JURY FURTHER CHARGES THAT:

From at least January 1989, and continuously thereafter up to and including the date of the filing of this indictment, in the Eastern District of Virginia and elsewhere, the defendants WAINSWORTH MARCELLUS HALL, PETER MICHAEL HALL, TODD MOORE, and FRANKIE D. THOMAS, unlawfully, intentionally, and knowingly, did engage in a continuing criminal enterprise, that is, they did violate Title 21, United States Code, Section 841 and 846, including, but not limited to, those violations alleged in the instant indictment, which are realleged and incorporated by reference herein, and did commit other violations of said statutes, which violations were part of a continuing series of violations of said statutes undertaken by WAINSWORTH MARCELLUS HALL, PETER MICHAEL HALL, TODD MOORE and FRANKIE D. THOMAS, in concert with at least five other persons with respect to whom they occupied positions of organizer, a supervisory position and any other position of management, and from which continuing series of violations the defendants, WAINSWORTH MARCELLUS HALL, PETER MICHAEL HALL, TODD MOORE, and FRANKIE D. THOMAS, obtained substantial income and resources.

(In violation of Title 21, United States Code, Section 848).

## COUNT FOUR

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 14, 1992, in Hampton, Virginia, in the Eastern District of Virginia, the defendants TODD MOORE and DERRICK KELLEY, while engaging in and working in furtherance of a continuing criminal enterprise, 21 U.S.C. § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Antwan Mathis, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2).

## COUNT FIVE

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 14 1992, in Hampton, Virginia, in the Eastern District of Virginia, the defendants TODD MOORE and DERRICK KELLEY, did knowingly and unlawfully, use a firearm during and in relation to a crime of violence or drug trafficking crime, which are felonies prosecutable in a court of the United States, that is, violations of Title 21, United States Code, Sections 846 and 848, as set forth in Counts One, Three and Four of this indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2).

15

## COUNT SIX

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 26, 1993, in Dinwiddie County, Virginia, in the Eastern District of Virginia, the defendant PETER MICHAEL HALL, while engaging in and working in furtherance of a continuing criminal enterprise, 21 U.S.C. § 848(a), knowingly, intentionally, and unlawfully killed and counseled, commanded, induced, procured, and caused the intentional killing of Derrick Taylor, and such killing resulted.

(In violation of Title 21, United States Code, Section 848(e)(1)(A) and Title 18, United States Code, Section 2).

## COUNT SEVEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about May 26, 1993, in Dinwiddie County, Virginia, in the Eastern District of Virginia, the defendant PETER MICHAEL HALL, did knowingly and unlawfully, use a firearm during and in relation to a crime of violence or drug trafficking crime, which are felonies prosecutable in a court of the United States, that is, violations of Title 21, United States Code, Sections 846 and 848, as set forth in Counts One, Three and Six of this indictment.

(In violation of Title 18, United States Code, Sections 924(c) and 2).

16

### COUNT EIGHT

**THE GRAND JURY FURTHER CHARGES THAT:**

On or about July 28, 1989, in Virginia Beach, Virginia, in the Eastern District of Virginia, defendant PETER MICHAEL HALL, did knowingly, intentionally, and unlawfully distribute a Schedule II narcotic controlled substance, that is, a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(2), which contains cocaine base, commonly known as "crack."

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

### COUNT NINE

**THE GRAND JURY FURTHER CHARGES THAT:**

In or about late 1990, in Virginia Beach, Virginia, in the Eastern District of Virginia, defendants WAINSWORTH MARCELLUS HALL and PETER MICHAEL HALL, did knowingly, intentionally, and unlawfully distribute a Schedule II narcotic controlled substance, that is, one-half (1/2) kilogram of a mixture and a substance containing a detectable amount of cocaine and its salt, cocaine hydrochloride.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

## COUNT TEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about September 1991, in the Eastern District of Virginia, defendant ERIC MARSHALL, did knowingly, intentionally, and unlawfully possess with intent to distribute a Schedule II narcotic controlled substance, that is, more than 50 grams of a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(2), which contains cocaine base, commonly known as "crack".

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

## COUNT ELEVEN

THE GRAND JURY FURTHER CHARGES THAT:

In or about July 1992, at Newport News, Virginia, in the Eastern District of Virginia, defendants PETER MICHAEL HALL and TODD MOORE did knowingly and intentionally possess with intent to distribute a Schedule II narcotic controlled substance, that is, more than 50 grams of a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(2), which contains cocaine base, commonly known as "crack".

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

18

## COUNT TWELVE

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 22, 1992, at Newport News, Virginia, in the Eastern District of Virginia, defendants TODD MOORE and FRANKIE D. THOMAS, did knowingly and intentionally possess a Schedule II narcotic controlled substance, that is, more than 50 grams of a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(2), which contains cocaine base, commonly known as "crack".

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

## COUNT THIRTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about April 9, 1992, in Hampton, Virginia, in the Eastern District of Virginia, defendants TODD MOORE and RODNEY GAINEY did knowingly, intentionally, and unlawfully possess a Schedule II narcotic controlled substance, that is, more than 50 grams of a mixture or substance described in Title 21, United States Code, Section 841(b)(1)(A)(2), which contains cocaine base, commonly known as "crack".

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2).

19

## COUNT FOURTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about July 6, 1989, in Norfolk, Virginia, in the Eastern District of Virginia, and within the jurisdiction of this Court, defendant FRANKIE D. THOMAS did knowingly, intentionally, and unlawfully possess with intent to distribute a Schedule II narcotic controlled substance, that is, a mixture and a substance containing a detectable amount of cocaine and its salt, cocaine hydrochloride.

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

## COUNT FIFTEEN

THE GRAND JURY FURTHER CHARGES THAT:

On or about June 2, 1992, in Newport News, Virginia, in the Eastern District of Virginia, and within the jurisdiction of this Court, defendant FRANKIE D. THOMAS did knowingly, intentionally, and unlawfully possess with intent to distribute a Schedule II narcotic controlled substance, that is, a mixture and a substance containing a detectable amount of cocaine base, commonly known as "crack".

(In violation of Title 21, United States Code, Section 841(a)(1) and Title 18, United States Code, Section 2.)

## COUNTS SIXTEEN THROUGH TWENTY-TWO

THE GRAND JURY FURTHER CHARGES THAT:

On or about the dates set forth below, in the Eastern District of Virginia, and elsewhere, the defendants named below, and others, known and unknown to the Grand Jury, knowingly, willfully, and unlawfully conducted, attempted to conduct, and caused to be conducted the financial transactions set forth below, affecting interstate commerce, which involved the proceeds of specified unlawful activity, that is drug trafficking by the defendants named herein, knowing that the financial transactions were designed in whole and in part to conceal and disguise the nature, the location, the source, and the ownership and control of the proceeds of said specified unlawful conduct, and that while conducting and attempting to conduct such financial transactions knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity.

## COUNT SIXTEEN

On or about July 1, 1989, in Newport News, Virginia, PETER MICHAEL HALL purchased a 1989 Jeep Wrangler, paying $7,000 cash down, using the fictitious name of Steven Carter.

21

### COUNT SEVENTEEN

On or about December 19, 1989, in Newport News, Virginia, PETER MICHAEL HALL purchased a 1990 Mazda MPV Van, paying $5,900 cash, using the fictitious name of Kenneth P. Smith.

### COUNT EIGHTEEN

On or about March 4, 1991, in Hampton, Virginia, PETER MICHAEL HALL purchased a 1989 Saab 900 Turbo, paying a total of $10,980 cash, in four separate transactions, using the fictitious name of Michael Hart.

### COUNT NINETEEN

In or about March 1992, in Newport News and Hampton, within the Eastern District of Virginia, defendant FRANKIE D. THOMAS purchased a 1989 BMW 525 automobile, paying $22,500 cash, using a nominee name to register the vehicle.

### COUNT TWENTY

In or about April 1992, in Hampton, Virginia, PETER MICHAEL HALL purchased or caused to be purchased a 1990 Nissan 300 ZX, paying $13,491 cash, using a nominee to purchase the vehicle for him.

## COUNT TWENTY-ONE

In or about April 1992, WAINSWORTH MARCELLUS HALL transferred a total of $1800 by two wire transfers to an individual in the Eastern District of Virginia, to facilitate the registration of and the purchase of insurance for a 1992 Mazda MPV Van in the name of a nominee.

## COUNT TWENTY-TWO

On or about May 4, 1992, in Chesapeake, Virginia, PETER MICHAEL HALL and KEMBA NIAMBI SMITH, purchased a 1992 Jeep Wrangler, using KEMBA NIAMBI SMITH as a nominee for PETER MICHAEL HALL, and paying $3,000 in cash for the purchase.

(All in violation of Title 18, United States Code, Sections 1956(a)(1)(B)(i) and 2).

## COUNT TWENTY-THREE -- FORFEITURE

A.   Any defendant convicted of any violation alleged in the Indictment relating to offenses in violation of Title 21, United States Code, Sections 841(a)(1), 846 and 848 (namely, narcotics offenses and continuing criminal enterprise), shall forfeit to the United States:

1.   any and all property constituting, or derived from, any proceeds the defendants obtained, directly or indirectly, as the result of such violations; and

2.   any of the defendants' property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations; and

23

3.   any of the defendants' interest in, claims against, and property and contractual rights of any kind which afforded a source of influence over, the continuing criminal enterprise.

(All in violation of Title 21, United States Code, Section 853.)

B.   Any defendant convicted of any violation alleged in the Indictment relating to Money Laundering (namely, Title 18, United States Code, Section 1956), shall forfeit to the United States all property, real and personal, involved in such offense and all property traceable to such property.

(All in violation of Title 18, United States Code, Section 982.)

C.   If any of the property described as being subject to forfeiture as a result of any act or omission of a defendant --

(a)   cannot be located upon the exercise of due diligence;

(b)   has been transferred to, sold to, or deposited with a third person;

(c)   has been placed beyond the jurisdiction of the Court;

(d)   has been substantially diminished in value; or

(e)   has been commingled with other property that cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of any other property of the defendants, up to the value of the property

24

described above, as being subject to forfeiture pursuant to Title
21, United States Code, Section 853(p) and Title 18, United States
Code, Section 982(b)(1)(A).

A TRUE BILL:

F O R E P E R S O N

HELEN F. FAHEY
UNITED STATES ATTORNEY

By: _____
Fernando Groene
Assistant United States Attorney
Virginia State Bar Number 24028
101 West Main Street, Suite 8000
Norfolk, Virginia  23510
(804) 441-6331

By: _____
Cathy E. Krinick
Special Assistant U.S. Attorney

25

# UNITED STATES DISTRICT COURT

*Eastern District of Virginia*
*Norfolk Division*

## THE UNITED STATES OF AMERICA

v.

WAINSWORTH M. HALL,
  a/k/a "Unique"
PETER MICHAEL HALL,
  a/k/a "Michael Hart"
  a/k/a "Khalif"
  a/k/a "Maynard Jenkins"
  a/k/a "Wukkuan Waters"
  a/k/a "Steven Carter"
  a/k/a "Kenneth Smith"
TODD MOORE
FRANKIE D. THOMAS
DERRICK KELLEY

RODNEY GAINEY,
  a/k/a "Spanky"
ERIC MARSHALL,
  a/k/a "Red"
PATRICK AVENT,
  a/k/a "Spit"
JOHN STOKES,
  a/k/a "Bear"
FNU LU,
  a/k/a "Dezo"
KEMBA NIAMBI SMITH
NORMAN McALLISTER

# INDICTMENT

21 USC § 846 - Conspiracy (Count 1)
18 U.S.C. §§ 371, 1956(a)(1)(B)(i) & 2 - Money Laundering and Conspiracy (Counts 2, 16-22)
21 U.S.C. § 848 - Continuing Criminal Enterprise (Count 3)
21 U.S.C. § 848(e)(1)(1) & 18 U.S.C. § 2 - Murder in Furtherance of Continuing Criminal Enterprise (Counts 4, 6)
18 U.S.C. § 924(c)(1) - Use of a Firearm in Relation to a Crime of Violence & Drug Trafficking (Counts 5, 7)
21 U.S.C. § 841(a)(1) - Distribution of "Crack" Cocaine (Count 8)
21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute Cocaine (Counts 9, 14-15)
21 U.S.C. § 841(a)(1) - Possession With Intent to Distribute "Crack" Cocaine (Counts 10-11)
21 U.S.C. § 841(a)(1) - Possession of "Crack" Cocaine (Counts 12-13)
21 U.S.C. § 853 - Forfeiture (Count 23)

*A true bill.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Foreman*

*Filed in open court this 8th day,*
*of December A.D. 1993*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

*Clerk*

*Bail, $*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -