**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § § § | |
| **v.** | § § | **CASE NO. 2:93-CR-00162-001** |
| **WAINSWORTH MARCELLUS HALL** | § § § | **The Hon. Raymond A. Jackson** |

<u>**DEFENDANT'S REPLY IN SUPPORT OF MOTION FOR A REDUCED SENTENCE**</u>
<u>**PURSUANT TO THE FIRST STEP ACT OF 2018**</u>

Defendant, Wainsworth Marcellus Hall, by and through his undersigned counsel, files this Reply to the government's Response (Doc. No. 857) to Mr. Hall's Memorandum in Support of Motion For a Reduced Sentence Pursuant to the First Step Act of 2019 ("Original Motion") (Doc. No. 838).

Mr. Hall is serving an unjust sentence of life without the possibility of parole for his participation in a drug conspiracy. To date, Mr. Hall has served approximately 313 months actual time in prison (more than 26 years – nearly half of his life); with good time, this is the equivalent of a sentence of approximately 350 months (nearly 30 years). At 55 years old, Mr. Hall is now a middle-aged man. Absent relief, he will grow old and die in prison.

The government argues that Mr. Hall is ineligible for relief because his CCE conviction does not constitute a "covered offense" for purposes of the First Step Act, and that even if the Court finds him eligible, the Court should decline to exercise its discretion to modify his life sentence. We disagree. The First Step Act restores fairness to federal sentencing related to crack cocaine offenses and gives individuals like Mr. Hall another chance at a meaningful life. We urge this Court to use its discretion and take a second look at Mr. Hall's inequitable sentence. For the reasons stated in his Original Motion and below, Mr. Hall is eligible for relief under

Section 404 of the First Step Act, and the Court should impose a reduced total sentence to 350 months of imprisonment or time served.

> **I.     Mr. Hall is eligible for relief under the First Step Act of 2018 because his conviction under 21 U.S.C. § 848 (Count Three) is a "covered offense" under the Act.**

The government's response misses significant, binding circuit precedent published two weeks prior to the government's December 6, 2019 filing. On November 21, 2019, the Fourth Circuit held in *Wirsing* that a "covered offense" under the First Step Act is defined solely by whether the statutory penalties for a violation of a federal criminal statute were modified by the 2010 FSA.   2019 WL 6139017, at *9.[1]   The eligibility determination is based on "a simple interpretation of the statute:" a defendant "is eligible to seek relief under the First Step Act" if "'before August 3, 2010,' he 'committed' a 'violation'" of a federal criminal statute, "and 'the statutory penalties' for that statute 'were modified by' Section 2 of the Fair Sentencing Act."  *Id.; accord United States v. Beamus*, ___ F.3d ____, 2019 WL 6207955, at *2 (6th Cir. Nov. 21, 2019) (holding defendant was eligible because he was "convicted of an offense for which the Fair Sentencing Act modified the statutory penalty, and he has not received a reduction in accordance with that Act or lost such a motion on the merits").  The Fourth Circuit thus rejected the view that eligibility depends upon the amount of drugs involved in a defendant's particular offense conduct.

---

[1] The Fourth Circuit's interpretation of § 404 is consistent with the "vast majority of courts." *See United States v. Khut*, No. 05-10262-PBS, 2019 WL 4345294, at *2 (D. Mass., Sept. 12, 2019); *see also United States v. Alexander James Hardnett*, No. 3:03cr212, ECF No. 345 at 18 (E.D.Va., Oct. 24, 2019) (discussing case law rejecting the government's proposed "conduct-controls" theory of eligibility); *United States v. Williams*, No. 2:99crl16-02, ECF No. 277 (E.D. Va. Aug. 29, 2019) (collecting cases holding that the quantity of drugs for purposes of determining eligibility is the quantity found beyond a reasonable doubt or charged in the charging document that is the subject of a defendant's guilty plea, not the quantity attributed to a defendant in his or her PSR); *United States v. Mack*, No. 2:00 cr 323 1, 2019 WL 3297499, at *10 (D.N.J. July 23, 2019) (collecting cases, and noting that one court cited "some 42 cases that have found that it is the statute of conviction that controls eligibility under § 404."); *United States v. White*, No. 99-cr-628-04, 2019 WL 3228335, at *4 (S.D. Tex., July 17, 2019).

Based on the plain language of the First Step Act, a conviction in violation of 21 U.S.C. § 848 constitutes a "covered offense" if either (1) the underlying "series of violations" include crack trafficking offenses in violation of 21 U.S.C. § 841, or (2) the penalties for the offense incorporate by reference the threshold drug weights in 21 U.S.C. § 841(b).  In this case, both criteria apply.

Specifically, Mr. Hall's CCE offense required the government to prove beyond a reasonable doubt a "series of violations" of the drug laws as an element of the CCE offense. 21 U.S.C. § 848(c).  In this case, those "violations" were based in part on the trafficking of cocaine base in violation of 21 U.S.C. §§ 841 and 846.  Because the word "violation does not," necessarily, "imply a criminal conviction," *Sedima, SPRL v. Imrec Co.,* 473 U.S. 479, 489 (1985), the "violations" established as an element of Mr. Hall's CCE conviction satisfy the definition of a "covered offense" under § 404(a). The fact that the CCE offense established a "violation of a federal criminal statute, the statutory penalties for which were modified by" the Fair Sentencing Act, is sufficient to meet the definition of a "covered offense."

At the time that Mr. Hall was prosecuted, based upon the elements of the CCE offense found by the factfinder, he faced up to mandatory life pursuant to 21 U.S.C. § 848(b) as a "sentencing factor." *See, e.g., United States v. Smith*, 223 F.3d 554, 566 (7th Cir. 2000) (concluding that 21 U.S.C. § 848(b) mandatory life provision tied to drug weights in 21 U.S.C. § 841(b)(1)(A) constituted a "sentencing factor").  As such, "the statutory penalties" for the "federal criminal statute" that Mr. Hall violated, 21 U.S.C. § 848, were in fact modified by the Fair Sentencing Act.

It is Mr. Hall's position that his conviction in violation of 21 U.S.C. § 848 likewise constitutes a "covered offense" for purposes of § 404(a) of the First Step Act for two reasons.

a. *The Underlying "Series of Violations" for Mr. Hall's CCE Offense Are "Covered Offenses," and Therefore, His Violation of the CCE Statute is Also a "Covered Offense."*

With respect to Count Three, which charged a continuing criminal enterprise (CCE) violation, the statute of conviction is 21 USC § 848.  21 U.S.C. § 848(a) provides that "[a]ny person who engages in a continuing criminal enterprise shall be sentenced to a term of imprisonment which may not be less than 20 years and which may be up to life imprisonment …." As defined in § 848(c), a person engages in a "continuing criminal enterprise" if he "violates" any felony provision of the subchapter and "such violation" is part of "a continuing series of violations of this subchapter" in concert with five or more others, the person has an aggravated role, and obtains significant income.  21 U.S.C. § 848(c).

The Supreme Court has held that the "series of violations," consisting of elements of predicate criminal offenses, are themselves elements of a CCE offense. *Richardson v. United States*, 526 U.S. 813, 820 (1999). In *Richardson*, the Court noted that "the criminal law ordinarily entrusts a jury with determining whether alleged conduct 'violates' the law, … and, as noted above, a federal criminal jury must act unanimously when doing so." *Id.* Accordingly, the Court concluded that "each 'violation' here amounts to a separate element [which] is consistent with a tradition of requiring juror unanimity where the issue is whether a defendant has engaged in conduct that violates the law." *Id.* To prove a violation of the CCE statute, in other words, the government must establish beyond a reasonable doubt that the defendant engaged in a "series of violations" of other drug laws set forth in the same subchapter of the Code.  21 U.S.C. § 848(c).

In Mr. Hall's case, his CCE conviction was predicated on "violations" of 21 U.S.C. § 841 involving the trafficking of cocaine base.  Indeed, Count 1 of Mr. Hall's indictment, which charged that he engaged in a conspiracy to distribute 50 grams or more of cocaine base, 5 kilograms or

4

more of cocaine, and a quantity of marijuana, in violation of 21 U.S.C. §§ 841 and 846, was actually "subsumed" as a "lesser included offense" to Mr. Hall's CCE conviction.

A lesser included offense is one in which the elements of the offense "are a subset of the elements of the charged offense." *Carter v. United States*, 530 U.S. 255, 261 n.2 (2000). And conspiracy convictions under 21 U.S.C. § 846 are "lesser included" offenses of CCE convictions in violation of 21 U.S.C. § 848. *See Rutledge v. United States*, 517 U.S. 292, 300 (1996) ("Because § 846 does not require proof of any fact that is not also a part of the CCE offense, a straightforward application of the *Blockburger* test leads to the conclusion that conspiracy as defined in § 846 does not define a different offense from the CCE offense defined in § 848. … [Therefore] it is appropriate to characterize § 846 as a lesser included offense of § 848.").

Accordingly, Mr. Hall's CCE conviction was based upon "violations" of 21 U.S.C. § 841(a) and § 841(b)(1)(A) involving crack cocaine that were proven beyond a reasonable doubt before a factfinder. To be sure, the penalty provision in § 848(a) (the 20-life range) was unchanged by the 2010 Fair Sentencing Act. But eligibility under the First Step Act does not require Mr. Hall to show that the Fair Sentencing Act modified that penalty provision – it only requires him to show that the penalty provision for a federal criminal statute he violated was so modified. *See Wirsing*, 2019 WL 6139017, at *9 ("Defendant's view leads to a simple interpretation of the statute: he is eligible to seek relief under the First Step Act because, 'before August 3, 2010,' he 'committed' a 'violation' of 21 U.S.C. § 841(a) and (b)(1)(B)(iii), and 'the statutory penalties' for that statute 'were modified by' Section 2 of the Fair Sentencing Act. … We agree and adopt this understanding.").[2]

---

[2] The government has conceded elsewhere that a defendant "may be eligible even if he was convicted under a statute other than those directly amended by Sections 2 and 3 of the Fair Sentencing Act. See United States' Motion to Remand, United States v. Maupin, 4th Cir. No. 19-6817, Doc. 26, at 10 (filed Aug. 29, 2019).

In fact, although a "violation" of a federal criminal statute refers to the elements of an offense, "the term 'violation' does not imply a criminal conviction." *Sedima, SPRL v. Imrec Co.*, 473 U.S. 479, 489 (1985). In *Sedima*, the Supreme Court reversed a lower court's conclusion that "[t]o bring a private civil [RICO] action, there must be a 'violation,' that is, criminal convictions on the underlying predicate offenses." *Sedima, S.P.R.L. v. Imrex Co.*, 741 F.2d 482, 503 (2d Cir. 1984), rev'd, 473 U.S. 479 (1985). "As defined in the statute," the Supreme Court explained, "racketeering activity consists not of acts for which the defendant has been convicted, but of acts for which he could be." 473 U.S. at 488. In this case, of course, "violations" of 21 U.S.C. § 841 involving cocaine base were proved beyond a reasonable doubt before a factfinder both as independent substantive offenses and elements of the CCE offense, even though one of the predicate "violations" – the conspiracy conviction in violation of 21 U.S.C. § 846 – was subsumed as a lesser-included offense.

As noted, a defendant "is eligible to seek relief under the First Step Act" if "'before August 3, 2010,' he 'committed' a 'violation'" of a federal criminal statute, "and 'the statutory penalties' for that statute 'were modified by' Section 2 of the Fair Sentencing Act." *Wirsing*, 2019 WL 6139017, at *9. In this case, Mr. Hall's CCE conviction was based upon "violations" of 21 U.S.C. § 841(a) and § 841(b)(1)(A) involving crack cocaine trafficking, and the statutory penalties for those federal criminal statutes were modified by § 2 of the Fair Sentencing Act. Mr. Hall's CCE conviction therefore constitutes a "covered offense" for purposes of the First Step Act.

        b.   *The Fair Sentencing Act Modified the Statutory Penalty for Mr. Hall's Violation of 21 U.S.C. § 848*

21 U.S.C. § 848 is also a "covered offense" under the First Step Act for a separate, independent reason: because the statutory penalties for that statute were modified by the Fair Sentencing Act. Section 848 has three penalty provisions: a 20-year-to-life range under § 848(a);

a mandatory life range that is tied to the threshold drug weight in 21 U.S.C. § 841(b)(1)(B) in § 848(b); and a minimum of 20 years and maximum of the death penalty in § 848(e). Both of the penalty provisions in § 848(b) and § 848(e) are explicitly tied to the threshold drug weights in 21 U.S.C. § 841(b)(1).

Under the law as understood at the time of Mr. Hall's prosecution, however, drug weight was not considered an element of 21 U.S.C. § 841 and § 846, and was merely a sentencing factor. For that reason, Mr. Hall's charging document did not have to allege a violation of 21 U.S.C. § 848(b) in order to expose him to that penalty provision based upon his conviction. *See, e.g., United States v. Smith*, 223 F.3d 554, 566 (7th Cir. 2000) (rejecting defendants' "argument that the indictment should have charged that they satisfied the criteria of § 848(b)," on ground that it constituted a sentencing factor); *United States v. Jackson*, 345 F.3d 638, 647 (8th Cir. 2003) (same). These decisions, of course, were consistent with the Supreme Court's decision in *Harris v. United States*, 536 U.S. 545 (2002), *overruled by Alleyne v. United States*, 570 U.S. 99, 103 (2013), that judge-found facts which affect mandatory minimums, but not maximums, are permitted by the Sixth Amendment.

The penalties for 21 U.S.C. § 848, as understood at the time of Mr. Hall's prosecution, encompassed § 848(b) – which is tied to the threshold drug weights in 21 U.S.C. § 841(b)(1)(B). Consequently, when he was prosecuted for engaging in a continuing criminal enterprise, based on the elements found by the district court acting as finder of fact, he faced the 20-year-to-life penalty provision contained within 21 U.S.C. § 848(a), and potentially the mandatory life provision, § 848(b), if those particular sentencing factors were proven at sentencing by a preponderance.

Furthermore, the result of a conclusion that defendants like Mr. Hall who were subject to the 20-year-to-life range under § 848(a) are ineligible for First Step Act reductions, but defendants

convicted of engaging in a continuing criminal enterprise involving crack who were subject to the mandatory life provision of 21 U.S.C. § 848(b) are eligible, would in effect "punish Defendant for not selling enough drugs." *United States v. Washington*, 2019 WL 4750575, at *3 (C.D. Ill. Sept. 30, 2019). Such a result would not "comport[] with either the text or the spirit of the First Step Act." *Id.*

As the Fourth Circuit recently held, a "covered offense" for purposes of § 404(a) is defined as a violation of a statute whose penalties were modified by the 2010 Fair Sentencing Act. *Wirsing*, 2019 WL 6139017, at *9. Mr. Hall's CCE conviction was predicated upon a series violations involving cocaine base trafficking. Moreover, the penalties for the violation of 21 U.S.C. 848 he committed, as understood at the time, included the mandatory life provision tied to the drug weight thresholds in 21 U.S.C. § 841(b)(1)(B).

For that reason, "the Fair Sentencing Act did change the statutory penalties" of 21 U.S.C. § 848. *See United States v. Mack*, 2019 WL 3297495, at *11 (D.N.J. July 23, 2019) (noting that even though defendant was convicted of distribution count involving both crack and cocaine powder, the Fair Sentencing Act modified the penalties for the statute of conviction). The conclusion that CCE convictions based on cocaine base trafficking violations are "covered offenses" for purposes of the First Step Act also would be consistent with Congress's intent that every defendant sentenced for a crack offense before the Fair Sentencing Act's passage who is still serving that sentence would be eligible for individualized consideration for a reduced sentence.

## II.    This Court should exercise its discretion to reduce Mr. Hall's total sentence to 350 months of imprisonment (time served)

The government's response completely overlooks the significant strides described in detail in his Original Motion that Mr. Hall has made towards rehabilitation during the 26 years of his incarceration even while set to spend the rest of his life in prison. (Doc. No. 838 at 8-14).

Moreover, the positive comments from BOP staff regarding Mr. Hall's character, rehabilitative efforts, and high likelihood of re-entry success cannot be overstated. (Doc. No. 838 at 8-14, Exhibits 4-5). Mr. Hall has demonstrated his commitment to turn his life around and should be granted to opportunity to prove to society he has learned from past mistakes.[3]

This Court must decide in its discretion whether, and to what extent, to impose a reduced sentence. In doing so, the Court must consider the applicable statutory limits, the advisory guideline range, and the § 3553(a) purposes and factors, including the need to avoid unwarranted disparities between defendants "with similar records who have been found guilty of similar conduct," and the defendant's post-sentencing conduct. In Mr. Hall's case, as set forth in his Original Motion and this reply, these considerations support imposition of a reduced sentence.

Mr. Hall has paid dearly for his actions by serving nearly three decades in prison. He has strong support from family; the ability, opportunity, and desire to work upon release; and a strong desire to be a positive asset to his community. (Doc. No. 838 at 11-14, Exhibits 7-11). As discussed in Mr. Hall's Original Motion, his current guideline range is 360 months to life based on a total current offense level of 40 and criminal history category of VI. Mr. Hall is the last defendant on the case still in prison and submits his case is one of the cases warranting a downward departure sentence 10 months below the low end of his current guideline range. Requiring him to serve any more time in prison is unnecessary to achieve the purposes of sentencing.

---

[3] The government attempts to undermine Mr. Hall's exceptional efforts to better himself and those around him over the past 26 years by discussing the scope of the conspiracy and allegations of violence. No aspect of Mr. Hall's conduct was violent and no allegations of violence were ever charged let alone proven to a jury beyond reasonable doubt. Mr. Hall takes full responsibility for his actions. The 26 years (over a quarter of a century and nearly half of his life) he has spent behind bars already reflects the seriousness of his conduct.

## CONCLUSION

Mr. Hall was arrested on the instant case at 29 and is now 55 years old. Despite facing the grim reality of spending the rest of his life in prison, Mr. Hall is not bitter but determined to be better. Indeed, he has purposefully engaged in educational activities, vocational skills training, and re-entry courses, which is highly indicative of post-release success as noted by BOP staff. Mr. Hall has more than paid his debt to society for his actions by spending the past 26 years in prison, which is a very, very long time. He should be allowed the immediate opportunity to move beyond his mistakes and prove he can be a benefit to society.

WHEREFORE, for the reasons set forth in his Original Motion and herein, Mr. Hall respectfully asks the Court to reduce his total sentence to 350 months (time served).

Respectfully submitted,

By: /s/  **Adam M. Carroll**
   Adam M. Carroll, Esquire
   VSB#68017
   WOLCOTT RIVERS GATES
   200 Bendix Road, Suite 300
   Virginia Beach, Virginia 23452
   Telephone: 757-497-6633
   Facsimile: 757-687-3655
   E-mail:  acarroll@wolriv.com
   *Local Counsel for Wainsworth Marcellus Hall*

   Brittany K. Barnett, Esquire *(pro hac vice)*
   Buried Alive Project
   3131 McKinney Avenue, Suite 600
   Dallas, Texas 75204
   Telephone: (214) 919 - 4421
   Facsimile: (214) 919 - 5915
   E-mail:  brittany@buriedaliveproject.org
   *Counsel for Wainsworth Marcellus Hall*

## <u>CERTIFICATE OF CONFERENCE</u>

I hereby certify that on the 6th day of January 2020, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send a notification of such filing (NEF) to all counsel of record including the following:

John F. Butler
Asst. United States Attorney
101 W. Main Street, Suite 8000
Norfolk, Virginia 23510
john.f.butler@usdoj.gov

/s/ ***Adam M. Carroll***
Adam M. Carroll, Esquire
VSB#68017
WOLCOTT RIVERS GATES
200 Bendix Road, Suite 300
Virginia Beach, Virginia 23452
Telephone: 757-497-6633
Facsimile: 757-687-3655
E-mail:  acarroll@wolriv.com
*Local Counsel for Wainsworth Marcellus Hall*